CARROLL, Judge.
Appellant, the plaintiff below, appealed from a summary judgment for the defendant in an action on a guaranty contract. The plaintiff bank extended credit to Miami Auto Auction, Inc. for which defendant was guarantor. On terminating the credit in September 1959, the bank called on the guarantor to make good the deficit which, after examination of its records, it reported to be $20,060.72. Thereafter, on December 23, 1959, the guarantor paid said amount, and his .collateral and the guaranty agreement were returned to him by the bank.[1] Shortly thereafter, a South Carolina car dealer made a claim against the bank for $24,655 which the debtor had deposited in September 1959, but which the South Carolina dealer contended were its funds. The latter prevailed in a separate suit and obtained judgment against the bank for $25,065.64. The bank then filed this action against the guarantor for that additional amount.
The trial judge properly held the defendant was entitled to judgment as a matter of law. Appellant’s contention that the guaranty was revived to cover the amount which, after settling with the guarantor, *208 the bank was required to pay to the South Carolina dealer, is without merit. The authorities appellant cites hold that when a payment by the debtor is cancelled while the guaranty contract is in effect, the obligation is revived as though no payment had been made by the debtor and the guarantor is liable for that amount. However, that is not this case. Here the bank, after having received and given the debtor credit for a voidable payment, determined the remaining balance due, and demanded payment thereof from the guarantor. That transaction between the bank and the guarantor on December 23, 1959, was final, and operated to release the guarantor from further liability. See 30 Fla.Jur., Suretyship and Guaranty, § 16; 24 Am.Jur., Guaranty, § 79 (Suppl.); Stearns, Suretyship, p. 172 (5th ed. 1951); 1 Williston, Contracts, § 129 (3rd ed. 1957).
Affirmed.

. The December 23 transaction was accompanied by a letter from the guarantor to the bank and the latter’s acknowledgment, as follows:
“Central Bank and Trust Company 1310 N W 36 Street Miami, Florida
“Attn: Stanley H. Wolff, President
“Dear Sir:
“Enclosed herein is Central Bank and Trust Company Cashiers Check dated December 23, 1959 payable to the order of Central Bank and Trust Company in the amount of $20,060.72. This check represents reimbursement in full of all of the Bank’s losses incurred as a re-suit of the banking and business transactions of Miami Auto Auction Inc. with the Central Bank and Trust Company. Said payment is made by me by virtue of my individual personal guarantee dated April 17, 1959, indemnifying the Bank against any such loss.
“Very truly yours,
“(s) A. M. Tyler
“am
“Keceived and accepted this date above written. “Central Bank and Trust Company
“By
“(s) S. H. Wolff, Pres.”